**Reversed and Remanded and Opinion filed November 29, 2011.**



**In The**

## Fourteenth Court of Appeals

_____

**NO. 14-10-01056-CV**
_____

**RICHARD SPECHT AND RENE HAMOUTH, Appellants**

**V.**

**WILLIAM R. DUNAVANT AND WILLIAM R. DUNAVANT FAMILY HOLDINGS, INC., Appellees**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-69413**

## OPINION

Appellants Richard Specht and Rene Hamouth appeal the trial court's denial of their special appearances. Because we find no basis for the exercise of specific or general personal jurisdiction over them, we reverse the trial court's order and remand the case to the trial court with instructions to sever and dismiss the claims against them.

### I FACTUAL AND PROCEDURAL BACKGROUND

Utah resident William R. Dunavant and his Florida corporation, William R. Dunavant Family Holdings, Inc. (collectively, "Dunavant"), filed suit in district court against five defendants, including appellants Specht and Hamouth, who reside in Canada.

Dunavant asserted various claims arising from a "Stop Transfer Resolution" that prevented Dunavant from transferring his shares of stock in Versa Card Inc.[1]  Versa Card is a Delaware corporation with its sole place of business in Texas, and Dunavant received the stock as compensation for his work as the company's CEO.  The sole jurisdictional allegation in Dunavant's petition is the assertion that "[j]urisdiction and venue are proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas and Harris County is the county of the defendant's [sic] principal office in this state."  Specht and Hamouth have brought this interlocutory appeal to challenge the trial court's denial of their joint special appearance.

## II.  GOVERNING LAW

Whether a trial court has personal jurisdiction over a defendant is a question of law we review de novo.  *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).  When, as here, the trial court issues no findings of fact and conclusions of law with its special-appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied.  *BMC Software*, 83 S.W.3d at 795.

The Texas Supreme Court has interpreted the broad language of the Texas long-arm statute to extend Texas courts' exercise of personal jurisdiction "'as far as the federal constitutional requirements of due process will permit.'"  *Id.* (quoting *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)).  Those requirements are fulfilled if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278 (1940)).

---

[1] The company was known previously as Intrepid Global Imaging 3D, Inc. and subsequently as Spine Pain Management, Inc.

Minimum contacts are sufficient to support the exercise of personal jurisdiction if they show that the nonresident defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *See id.* at 319, 66 S. Ct. at 160, 90 L. Ed. 95; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). In determining whether the purposeful-availment requirement is satisfied, courts consider only the defendant's contacts with the forum state, and not the unilateral activity of a third party. *Michiana*, 168 S.W.3d at 785. In addition, the defendant's contacts with the forum state must be purposeful rather than merely fortuitous. *Id.* Moreover, the defendant must seek some benefit, advantage, or profit by availing itself of the forum. *Id*.

Personal jurisdiction may be "general" or "specific." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). A trial court properly may exercise general jurisdiction over a defendant whose contacts with the forum state have been continuous and systematic. *Moki Mac*, 221 S.W.3d at 575; *BMC Software*, 83 S.W.3d at 796. When general jurisdiction is at issue, only the defendant's pre-suit contacts are relevant. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 169 (Tex. 2007). On the other hand, when there is a substantial connection between the defendant's purposeful contacts with Texas and the operative facts of the litigation, a trial court properly may exercise specific jurisdiction over the defendant. *Moki Mac*, 221 S.W.3d at 585.

A defendant challenging a Texas court's personal jurisdiction must negate all jurisdictional bases alleged. *BMC Software*, 83 S.W.3d at 793; *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995). Thus, the plaintiff has the initial burden of pleading sufficient facts to bring the nonresident defendant within the provisions of the Texas long-arm statute. *BMC Software*, 83 S.W.3d at 793; *Brocail v. Anderson*, 132 S.W.3d 552, 556 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). If the plaintiff

3

fails to do so, then proof of the defendant's nonresidency is sufficient to negate personal jurisdiction. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658–59 (Tex. 2010).

## III. ANALYSIS

In support of their joint special appearance, Specht and Hamouth produced ample evidence negating the bases of jurisdiction alleged in Dunavant's petition. Specifically, they established that they reside in Canada and have never (a) owned, leased, or controlled personal or real property in Texas; (b) maintained Texas offices, addresses, or telephone numbers; (c) been parties to or witnesses in any other Texas litigation; (d) advertised, marketed, or solicited business in Texas; (e) employed agents or employees in Texas; (f) maintained a Texas bank account, brokerage account, or investment account; or (g) been parties to a contract between Dunavant and Versa Card. (1 CR 23-27) *See Wolf v. Summers-Wood L.P.*, 214 S.W.3d 783, 791 n.1 (Tex. App.—Dallas 2007, no pet.) (considering many of the same factors). In addition, Hamouth and Specht each attested that all conversation with Dunavant took place while the participants were in Canada, or while Hamouth and Specht were in Canada and Dunavant was in Utah.

Although Dunavant responded to the special appearance with three documents intended to establish other facts on which to base personal jurisdiction, that evidence does not show that either defendant purposefully availed himself of the privilege of conducting business in Texas. The first of these documents contains information that "as of December 31, 2009"—two months after this suit was filed—Hamouth owned 26.07% Versa Card, and Specht owned 0.01% of the same company. We cannot consider this evidence in evaluating general jurisdiction, which must be based on the defendant's contacts with the forum state before the suit was filed. *See PHC-Minden*, 235 S.W.3d at 169. Because Specht and Hamouth's ownership of these shares is not among the operative facts of the litigation, this evidence also does not support the exercise of specific jurisdiction.

4

The second document is a transcript of a deposition in which Hamouth stated that he was Versa Card's CEO from May 2006 to February 2007—a period of time that ended before the events giving rise to this suit occurred. This does not support general jurisdiction because the fiduciary-shield doctrine protects nonresident corporate officers from general jurisdiction based on their Texas contacts on the corporation's behalf. *Cerbone v. Farb*, 225 S.W.3d 764, 769 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Because Hamouth's status as a prior CEO of the company is not one of the operative facts of the litigation, this evidence also does not support the exercise of specific jurisdiction.

Finally, Dunavant produced a copy of a Versa Card's "Stop Transfer Resolution" dated February 20, 2009. By this resolution, Versa Card notified its stock-transfer agent, Signature Stock Transfer, Inc., that it was not to transfer Dunavant's stock absent Versa Card's written release.[2] The document is signed by "Richard Specht" in his capacity as a corporate director. The fiduciary-shield doctrine prevents us from considering this document as support for the exercise of general jurisdiction. *See id.* As for specific jurisdiction, Specht did not purposefully avail himself of the privilege of conducting activities in Texas simply by the act, in a corporate capacity, of signing the letter informing Versa Card's stock-transfer agent of the corporation's resolution. Rather, the fact that Versa Card's stock-transfer agent was located in Texas was merely fortuitous and thus is not a basis for the exercise of personal jurisdiction over Specht. *See Riverside Exports, Inc. v. B.R. Crane & Equip., LLC*, No. 14-10-00573-CV, 2011 WL 662766, at *3 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011, pet. denied) (holding that nonresident did not purposefully avail itself of a Texas forum in refunding Texas customer's deposit by wiring funds to the customer's Texas bank); *Sussman v. Old Heidelburg, Inc.*, No. 14-06-00116-CV, 2006 WL 3072092, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.) (mem. op.) (New York attorney who sent demand letters to Texas residents

_____

[2] The parties do not dispute that Signature Stock Transfer is located in Plano, Texas.

was not subject to personal jurisdiction because attorney had no control over the location of client's debtors). We accordingly sustain the issues presented in this appeal.

## IV. CONCLUSION

Because the record does not support the exercise of general or specific jurisdiction over Specht or Hamouth, we reverse the trial court's order denying their joint special appearance and remand the case to the trial court with instructions to sever and dismiss the claims against them. *See Peredo v. M. Holland Co.*, 310 S.W.3d 468, 476 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (when the minimum-contacts requirement has not been met, it is unnecessary to address the "fair play" portion of the due-process test).


/s/      Tracy Christopher
         Justice


Panel consists of Justices Anderson, Brown, and Christopher.

6